UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM F. LUNDY, et al., )<br> )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>NESTLE WATERS NORTH AMERICA, )<br>INC., d/b/a POLAND SPRING, )<br> )<br>    Defendant ) | Civil No. 09-318-P-S |

*MEMORANDUM DECISION ON MOTION TO STRIKE*

The defendant, Nestlé Waters North America, Inc., moves to strike the plaintiffs' demand for a jury trial (Docket No. 9) on the ground that it is untimely.  Motion to Strike Plaintiffs' Demand for a Jury Trial (Docket No. 10).   The defendant removed this action from the Maine Superior Court (Cumberland County) on July 20, 2009.  Docket No. 1.  The jury trial demand was filed on August 12, 2009, six days after the court entered its amended scheduling order, which included the statement that no jury trial had been demanded.  Amended Scheduling Order (Docket No. 8) at 1. [1]

Demand for jury trial is governed by Fed. R. Civ. P. 38(b), which provides, in relevant part:

> On any issue triable of right by a jury, a party may demand a jury trial by:

---

[1] The Amended Scheduling Order was issued on the same day as the original Scheduling Order.  The former corrected the jurisdictional provision to note diversity.  Both scheduling orders noted that no jury trial had been demanded.

1

> > (1) serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served; and
> > (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b).  Also applicable to the issue at hand is the following portion of Fed. R. Civ. P. 81(c)(3):

> (A) *As Affected by State Law.*  A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. . . .
>
> (B) *Under Rule 38.*  If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 10 days after:
>
>   (i)  it files a notice of removal; or
>
>   (ii)  it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3).

In this case, there is no indication that the plaintiffs had demanded a jury trial from the state court before the defendant removed the action to this court.  Their jury trial demand was filed some 23 days after the date on which the defendant removed the action from state court and simultaneously filed its answer to the complaint in this court.  Docket Nos. 1, 5.

In their opposition to the motion to strike, the plaintiffs contend that, because they were not yet required by state law to file a jury trial demand in the state court action at the time that it was removed, they are not required to file such a demand in this court until the court issues an order, which they now request, setting a time for the parties to request trial by jury.  Opposition to Motion to Strike Plaintiffs['] Demand for Jury Trial (Docket No. 11) at 1-2.  The plaintiffs' reading of Rule 81(c)(3), however, has been consistently rejected by this court at least since 1983.

In *Bonney v. Canadian Nat'l Ry. Co.*, 100 F.R.D. 388 (D. Me. 1983), Judge Carter declined to adopt a similar argument made by the plaintiff,[2] explaining:

> The [relevant] sentence of the quoted language applies only where the party seeking jury trial in this court would not be required in the court from which the action was removed to make any express demand in order to obtain trial by jury. The language provides that *if* that is the case in the state court, no demand for jury trial is required to be made in this court. This language obviates the necessity for a demand after removal of a case from the state court only where the case automatically would have been set for jury trial in the court from which it is removed, without the necessity for *any* action on the part of the party desiring jury trial. As another court has described the impact of this sentence of Rule 81(c): "This provision is of limited applicability, and was intended to avoid inadvertent waivers of jury trials where state law requires that no express demand be made *at all*." *Williams v. Shell Oil Co.*, 487 F.Supp. 81, 84 (E.D. Mich. 1980) (emphasis in original).

*Id*. at 392 (two citations and some internal quotation marks omitted). That was also the holding in *Pastula v. Lane Constr. Corp.*, 2006 WL 462350 (D. Me. Feb. 23, 2006), at *1 (rejecting precise argument made by plaintiffs in the instant case; 5½ month delay deemed waiver).

More recently, in 2007, Magistrate Judge Kravchuk of this court stated unequivocally that "[Rule 81(c)] could not be clearer. A state court plaintiff has 10 days after the petition for removal is filed with this court to make a jury trial demand." *Raymond v. Lane Constr. Corp.*, 2007 WL 3348286 (D. Me. Nov. 7, 2007), at *1.

The plaintiffs' demand for a jury trial in this case was clearly untimely.[3] That said, the demand was made only six days after the issuance of the court's scheduling order, presumably before any discovery had begun, and the defendant has made no attempt to demonstrate that it has been prejudiced by the delay, nor is it likely to have been able to make such a showing.

---

[2] The relevant language in Rule 81(c) at the time read: "If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the Court directs that they do so . . . ." *Bonney*, 100 F.R.D. at 391.

[3] The untimely demand should have been accompanied by a request to allow the late filing. setting forth the reasons for the tardiness.

3

Under these circumstances, it would be unduly harsh to hold the plaintiffs to a knowing waiver of their right to a jury trial. *See Raymond*, 2007 WL 3348286 at *1.

The motion to strike the plaintiffs' demand for a jury trial is **DENIED.**

Dated this 28th day of August, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
